Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NATHALIE L. SANTOS, an individual;<br><br>Plaintiff,<br><br>v.<br><br>DISCOVER FINANCIAL SERVICES LLC, a foreign limited-liability company; EQUIFAX INFORMATION SERVICES, LLC, a foreign limited-liability company; EXPERIAN INFORMATION SOLUTIONS, INC., a foreign corporation;<br><br>Defendants. | Case No.: 2:20-cv-02053<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Nathalie L. Santos ("Plaintiff"), by and through the undersigned counsel of record, and for her claims for relief against Defendants, Discover Financial Services LLC ("DFS"), Equifax Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"), (collectively referred to as "Defendants") complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

2. This Court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

Page 1 of 7

4. Under 28 U.S.C. § 1391(b), venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in the State of Nevada.

6. As an individual, Plaintiff is a "consumer" under 15 U.S.C. § 1681a(c).

7. DFS is a foreign limited-liability company doing business in the State of Nevada.

8. DFS regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" under 15 U.S.C. § 1681s-2(b).

9. Equifax is a foreign limited-liability company doing business in the State of Nevada.

10. Equifax is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

11. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

12. Equifax disburses said consumer reports to third parties under contract for monetary compensation.

13. Experian is a foreign corporation doing business in the State of Nevada.

14. Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

15. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports under 15 U.S.C. § 1681a(d).

16. Experian disburses said consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

17. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

18. Plaintiff incurred an unsecured consumer account with DFS, under Account # 601100 XXXX, on or about November 2016 (the "Account").

19. On April 16, 2020, Plaintiff filed a Voluntary Petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court, District of Nevada, under Case No.: 20-11960-mkn (the "Petition").

20. Plaintiff listed the Account in the Petition.

21. On July 14, 2020, Plaintiff received an Order of Discharge from the Bankruptcy Court, which discharged Plaintiff's personal liability for the Account, among others.

22. In August 2020, Plaintiff obtained a copy of her Equifax and Experian credit disclosures and became aware that Defendants were reporting inaccurate information concerning the Account.

23. Defendants fail to include a notation that the Account was included in the Petition and discharged.

24. Instead, Defendants report a balance owed of $5,104 when there is no balance because the Account was discharged through Plaintiff's bankruptcy.

25. The Account should report as "Closed" and "Discharged through Chapter 7 Bankruptcy," but Defendants fail to report this status.

26. In September 2020, Plaintiff disputed the accuracy of the Account to Experian online.

27. In September 2020, Plaintiff disputed the accuracy of the Account to Equifax online.

28. Plaintiff's online disputes detail the inaccuracies referenced above and demand correction.

29. On information and belief, after receiving the online disputes from Plaintiff, Equifax and Experian communicated Plaintiff's disputes to DFS.

30. Despite proper notice of the disputes, Defendants failed to conduct a reasonable reinvestigation as required under the FCRA and confirmed and verified the false and derogatory

information and demanded that the false and derogatory information remain on Plaintiff's credit profiles.

31. Defendants failed to fully correct the inaccuracies in Plaintiff's credit reports within thirty (30) days of receipt of Plaintiff's disputes.

32. Defendants also failed to report that Plaintiff disputes the accuracy of the credit reporting.

33. Upon receiving notice of Plaintiff's dispute of the inaccurate information, Defendants failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

34. In the alternative, Defendants failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit report.

35. Defendants failed to investigate Public Access to Court Electronic Records (PACER) in response to Plaintiff's Dispute.

36. In failing to correct the credit errors, Defendants continued to report inaccurate information in violation of the FCRA.

37. In failing to correct the credit errors, Defendants provided misleading information on Plaintiff's credit reports in violation of the FCRA.

38. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

## FIRST CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681e(b) against Equifax and Experian]**

39. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

40. Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each publishes and maintains concerning Plaintiff.

41. As a direct and proximate result of this conduct, action, and inaction of Equifax and Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

42. Equifax and Experian's acts and omissions were willful, rendering each liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

43. In the alternative, Equifax and Experian were negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

44. As a direct and proximate result of the above-referenced violations by Equifax and Experian, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

45. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

46. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

47. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of 15 U.S.C. § 1681i against Equifax and Experian]**

48. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

49. Equifax and Experian violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit file after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to DFS, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source each has reason to know is unreliable.

50. Equifax and Experian further violated 15 U.S.C. § 1681i by failing to report that Plaintiff disputes the validity of the credit reporting associated with the DFS tradeline.

51. As a direct and proximate result of this conduct by Equifax and Experian, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

52. Equifax and Experian's conduct was willful, rendering each liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

53. Plaintiff is entitled to recover costs and attorneys' fees from Equifax and Experian in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

54. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

55. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## **THIRD CLAIM FOR RELIEF**

### **[Violations of 15 U.S.C. § 1681s-2(b) against DFS]**

56. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

57. DFS violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Equifax and Experian; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Equifax and Experian accurately; by failing to report results on Plaintiff's credit files correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

58. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

59. DFS' acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

Page 6 of 7

60. In the alternative, DFS was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

61. As a direct and proximate result of the above-referenced violations by DFS, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

62. Plaintiff is entitled to recover costs and attorneys' fees from DFS in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

63. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

64. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;
4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and
5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: November 6, 2020

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
8872 S. Eastern Avenue, Suite 270
Las Vegas, Nevada 89123
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*